**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1436
_____

UNITED STATES OF AMERICA

v.

MAUDILIO DIAZ-VAZQUEZ,
also known as
MAGDILIO DIAZ-VAZQUEZ,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 5-19-cr-00573-001)
District Judge:  Honorable Joseph F. Leeson, Jr.
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 12, 2021
_____

Before:  CHAGARES, JORDAN, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: May 14, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Maudilio Diaz-Vazquez was sentenced to twenty-four months of imprisonment after pleading guilty to illegal reentry after deportation. The sentence was to be served consecutively to a state sentence of seven to twenty years of imprisonment, imposed after Diaz-Vazquez pleaded guilty to sex offenses involving a minor. His attorney has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion and affirm the judgment of sentence.

I.

We write primarily for the parties, so our summary of the facts is brief. Diaz-Vazquez is a native and citizen of Guatemala. In 2012, he was removed from the United States and warned that illegal reentry could subject him to imprisonment. Diaz-Vazquez nevertheless reentered the country without permission in 2014, eventually making his way to Pennsylvania. Immigration and Customs Enforcement agents arrested Diaz-Vazquez there in 2018, at which time he admitted his prior removal and reentry.

On September 25, 2019, a grand jury returned an indictment charging Diaz-Vazquez with one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). Diaz-Vazquez pleaded guilty to that charge on November 15, 2019. On February 20, 2020, the District Court sentenced Diaz-Vazquez to twenty-four months of imprisonment and one year of supervised release. The court ordered that the sentence run consecutively to Diaz-Vazquez's seven- to twenty-year state sentence of imprisonment, though Diaz-Vazquez argued that his federal and state sentences should run concurrently.

2

Diaz-Vazquez timely appealed. His attorney seeks to withdraw because there is no viable basis for appeal.

## II.[1]

Under Anders, court-appointed counsel may — after finding any appeal "to be wholly frivolous" after careful examination of the record — file a brief "advis[ing] the court and request[ing] permission to withdraw" and identifying "anything in the record that might arguably support the appeal." 386 U.S. at 744. In evaluating a motion to withdraw, the Court's inquiry is twofold: "(1) whether counsel adequately fulfilled [this Court's] requirements" under Third Circuit Local Appellate Rule 109.2(a); and "(2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted).

The withdrawing counsel's brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous." Id. An appeal is frivolous if "the appeal lacks any basis in law or fact." McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988). If "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Youla, 241 F.3d at 301 (citation and quotation marks omitted). "[A] complete scouring of the record" is unnecessary. Id.

Diaz-Vazquez's counsel's Anders brief is facially adequate, so we confine our review to the issues identified by the brief. Counsel has identified three possible areas of

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

review: (1) whether the District Court had jurisdiction; (2) whether Diaz-Vazquez's guilty plea was valid under both constitutional and statutory standards; and (3) whether Diaz-Vazquez's sentence was within the statutory maximum sentence and procedurally and substantively reasonable. Diaz-Vazquez did not file a pro se brief in response.

We first examine whether the District Court had jurisdiction, and we conclude that it did. District courts have jurisdiction over criminal offenses under 18 U.S.C. § 3231, and the indictment adequately charged Diaz-Vazquez with the offense of illegal reentry after deportation by alleging that he was an alien who had previously been deported from the United States and then knowingly reentered without the permission of the Attorney General. See 8 U.S.C. § 1326(a).

We next examine whether Diaz-Vazquez's guilty plea was valid. We conclude that it was, as the District Court properly advised Diaz-Vazquez of his rights and the potential consequences of a guilty plea. The District Court's colloquy satisfied the requirements of the Constitution by ensuring that Diaz-Vazquez made a knowing and voluntary waiver of his rights to a trial by jury, to confront his accusers, and to maintain his privilege against self-incrimination. See Boykin v. Alabama, 395 U.S. 238, 243 (1969). The court also informed Diaz-Vazquez of other rights he possessed, the potential penalties he faced, and the court's authority and obligations, as detailed in Federal Rule of Criminal Procedure 11(b)(1). The District Court additionally determined the voluntariness and factual basis for Diaz-Vazquez's plea. See Fed. R. Crim. P. 11(b)(2)–(3). Diaz-Vazquez has not moved to withdraw his guilty plea or argued that it was involuntary or unknowing and we have no basis to hold that it was invalid.

4

Finally, we examine the legality of Diaz-Vazquez's sentence, which must be both procedurally and substantively reasonable. See United States v. Bungar, 478 F.3d 540, 542–43 (3d Cir. 2007). A sentencing court must follow three procedural steps: (1) calculate the appropriate Guidelines range; (2) rule on any departure motions; and (3) exercise discretion by considering the relevant 18 U.S.C. § 3553(a) factors. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). The District Court properly calculated the Guidelines range of imprisonment as between twenty-one and twenty-four months, accounting for the two-year statutory maximum term of imprisonment applicable under 8 U.S.C. § 1326(a). While the court did not explicitly rule on Diaz-Vazquez's motion for a departure to credit him for time served in state custody, we need not remand for that reason alone. The Government did not dispute that the District Court possessed the authority to grant that departure, and the record makes clear that the court exercised its discretion not to do so. See United States v. Handerhan, 739 F.3d 114, 121–22 (3d Cir. 2014). The District Court reasonably assessed the § 3553(a) factors, highlighting the need for deterrence and protection of the public in light of Diaz-Vazquez's serious sex offenses. The sentence ultimately imposed was consistent with this assessment, as the court was authorized to impose a one-year term of supervised release under 18 U.S.C. § 3583(b) and to make its sentence consecutive to Diaz-Vazquez's state sentence under 18 U.S.C. § 3584(a). Because the District Court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or

5

failing to adequately explain the chosen sentence," we conclude that its sentence was procedurally reasonable. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (citation omitted). And because the District Court's sentence was "premised upon appropriate and judicious consideration of the relevant factors," we hold that it was also substantively reasonable. United States v. Doe, 617 F.3d 766, 770 (3d Cir. 2010), overruled on other grounds by United States v. Schonewolf, 905 F.3d 683, 689–90 (3d Cir. 2018).

We conclude that counsel has fulfilled the requirements of Anders by making a thorough examination of the record. This Court has independently reviewed the record and likewise failed to identify any non-frivolous issues. Accordingly, we conclude that there are no non-frivolous issues for Diaz-Vazquez to raise on appeal.

III.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the District Court's judgment of sentence. In addition, we certify that the issues presented lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).